IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| CHET EDWIN MERCER, | ) | | |
| | ) | | |
| Movant, | ) | | |
| | ) | | |
| vs. | ) | Case No. | 3:25-cv-05020-MDH-P |
| | ) | Crim. No. | 3:21-cr-05051-MDH-1 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**ORDER**

Movant pleaded guilty to possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking offense. Movant was sentenced to 144 months' imprisonment. Now before the Court is Movant's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Doc. 1. For the reasons explained below, Movant's motion is denied, a certificate of appealability is denied and this case is dismissed.

**I.    Background**

On March 11, 2021, law enforcement executed a search warrant at Movant's residence in Webb City, Missouri, after receiving information that Movant was distributing methamphetamine.[1] While searching Movant's bedroom, officers located approximately two grams of methamphetamine; a loaded Glock 21, .45 caliber handgun; a 26-round extended magazine; and a safe containing $4,895. Inside the office of the residence, officers located approximately four grams of methamphetamine. In a living room air duct, officers located approximately 667 grams of methamphetamine. Officers also recovered a digital scale and plastic baggies, commonly used in drug distribution.

On November 19, 2021, a confidential informant purchased 100.1 grams of 98-percent pure methamphetamine from Movant for $1,500. On November 30, 2021, law enforcement executed a search warrant at Movant's residence in Carl Junction, Missouri. Officers recovered multiple shotgun shells; a Springfield Armory XP pistol, Serial No. GM729470, which had been reported stolen on March 30, 2021; eight bottles of sodium oxybate oral solution, a Schedule III

---

[1] The factual history is summarized from the stipulated facts in the plea agreement and the undisputed facts in the presentence investigation report (PSR) without further citation.

controlled substance; 363.9 grams of 97-percent pure methamphetamine; 0.944 grams of 98-percent pure methamphetamine; a Winchester 1400 semi-automatic 12-guage shotgun, Serial No. N541885; a digital scale; rolling trays; plastic baggies; miscellaneous drug paraphernalia; and $860. Inside Movant's BMW automobile, officers located a Marlin .22 caliber LR rifle, Serial No. 00199208A. Officers also located a number of a stolen vehicles and vehicle parts.

Cooperating informants provided information that Movant was buying and distributing large quantities of methamphetamine. The informants stated that that Movant traveled to Oklahoma to purchase methamphetamine and detailed purchases of between one-quarter to two pounds of methamphetamine from Movant.

On December 14, 2021, an indictment was returned charging Movant with possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two); and possession of firearms by a restricted individual, in violation of 18 U.S.C. §§ 922(n), 921(a)(14), and 924(a)(1)(D) (Count Three). Crim. Doc. 14.[2]

On October 12, 2023, Movant pleaded guilty to Counts One and Two pursuant to a plea agreement with the Government. Crim. Docs. 54, 55, 72. The plea agreement contained a factual basis for the guilty plea. Crim. Doc. 55 at 2. Through the plea agreement, Movant agreed to the sentencing procedures to be utilized by this Court, including the use of relevant conduct; the statutory range of punishment for the offenses; the calculation of the advisory Sentencing Guidelines range; the preparation of the PSR; and the stipulated Sentencing Guidelines provisions. *Id*. at 3-8. Movant waived his constitutional rights to a jury trial and waived his rights to appeal or collaterally attack his conviction or sentence with certain exceptions. *Id*. at 9-10. Movant averred that he was entering into the plea agreement freely and voluntarily; that he was satisfied with his defense counsel's assistance; that he was fully advised of his rights and obligations in connection with the plea agreement; and that no threats or promises, other than the promises contained in the plea agreement, had been made to induce his guilty plea. *Id*. at 11. Movant executed the plea agreement on October 6, 2023. *Id*. at 13.

---

[2] "Crim. Doc." refers to the docket number entries in Movant's criminal case, Case No. 3:21-cr-05051-MDH-1. "Doc." refers to the docket number entries in Movant's civil case, Case No. 3:25-cv-05020-MDH.

At the outset of the change-of-plea hearing, this Court placed Movant under oath. Crim. Doc. 72 at 3. This Court established that Movant could read and write and had entered into a written plea agreement with the Government. *Id*. at 4.

Movant again averred that he was entering into the plea agreement freely and voluntarily; that he was satisfied with his defense counsel's assistance; that he was fully advised of his rights and obligations in connection with the plea agreement; and that no threats or promises, other than the promises contained in the plea agreement, had been made to induce his guilty plea. *Id*. at 5. Movant stated that he understood the legal issues regarding his guilty plea. *Id*. at 5-6. Movant stated that he had discussed the plea agreement in detail with counsel and that counsel had answered all Movant's questions regarding the agreement. *Id*. at 6. Movant stated that no person had threatened him or attempted to persuade him to plead guilty, and that his guilty plea and entry into the plea agreement was voluntary and in his best interest. *Id*. at 6-7.

Movant established that he was physically and mentally competent to plead guilty. *Id*. at 7. Movant acknowledged the statutory range of punishment for the offenses and the sentencing procedures used by this Court. *Id*. at 7-10. Movant waived his constitutional rights to a jury trial. *Id*. at 11-12. Movant also waived his right to appeal or collaterally attack his conviction or sentence with certain exceptions. *Id*. at 12-13. Movant stated he had personally reviewed the factual basis in the plea agreement and conceded that it was accurate. *Id*. at 13-14. This Court then accepted Movant's guilty pleas. *Id*. at 14-15.

On January 24, 2024, a revised PSR was issued. Crim. Doc. 58. The PSR contained a recitation of the offense conduct. *Id*. at ¶¶ 4-21. The PSR calculated a drug amount of more than 4.5 kilograms of methamphetamine (actual). *Id*. at ¶¶ 21, 27. The PSR calculated a base offense level of 38 under U.S.S.G § 2D1.1(a)(5); applied a two-level enhancement under § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance; and applied a three-level reduction under § 3E1.1(a) and (b) for acceptance of responsibility; yielding a total offense level of 37. *Id*. at ¶¶ 27-36. The PSR calculated a criminal history score of two, yielding a criminal history category of II. *Id*. at ¶¶ 37-67. This resulted in a statutory range of punishment of five to 40 years for Count One; an advisory Sentencing Guidelines range of 235 to 293 months for Count One; and a statutory consecutive sentence of five years to life on Count Two. *Id*. at ¶¶ 99-101.

Movant objected to the drug quantity calculation derived from cooperating witness statements; the enhancement for maintaining a premises to distribute a controlled substance; and the calculation of the criminal history score. Crim. Doc. 58. Defense counsel also filed two sentencing memoranda prior to the sentencing hearing, discussing the statutory sentencing factors under 18 U.S.C. § 3553(a). Crim. Docs. 51, 55.

On February 29, 2024, Movant appeared for sentencing. Crim. Docs. 68, 73. This Court explained the sentencing hearing process to Movant. Crim. Doc. 73 at 2-4. Movant confirmed that he had read and discussed the PSR with his counsel. *Id*. at 4. This Court noted the statutory range of punishment for the offenses. *Id*. at 4-5. This Court accepted the Government's motion for a downward departure based on Movant's attempt to provide substantial assistance. *Id*. at 5-6. This Court took up the criminal history score calculation objection, finding that the challenged offense was within the period to qualify. *Id*. at 6-9. This Court overruled the drug quantity calculation based on Movant's own statement that he had obtained multiple pounds of methamphetamine during the conspiracy. *Id*. at 9-10. This Court stated its disagreement with the enhancement for maintaining a premises, noting that the enhancement was overinclusive, and sustained that objection. *Id*. at 10-11. This resulted in a final offense level of 35, a criminal history category of II, and an advisory range of 188 to 235 months for Count One. *Id*. at 11.

The Government recommended a sentence of 144 months for Count One, 60 months consecutive for Count Two, for a total sentence of 204 months. *Id*. at 11-12. Defense counsel discussed the statutory sentencing factors, including Movant's behavior while on pretrial release; his participation in drug rehabilitation programs; his spiritual growth and volunteer work at church; and his joint custody of his child. *Id*. at 12-15. Counsel requested this Court impose a sentence of 60 months for Count One and 60 months for Count Two, for a total of 120 months. *Id*. at 15. Defense counsel addressed Movant's post-arrest statements and his unsuccessful attempts to provide cooperation against his source of supply. *Id*. at 16-20. Movant personally addressed this Court and read a prepared statement. *Id*. at 22-24. Movant also addressed some of the sentencing factors discussed by counsel and this Court. *Id*. at 24-28.

This Court discussed the statutory sentencing factors it considered in determining the sentence. *Id*. at 29-33. This Court then sentenced Movant to 84 months for Count One, and 60 months consecutive for Count Two, for a total sentence of 144 months' imprisonment. *Id*. at 33; Crim. Doc. 69 at 2.

Movant did not appeal his conviction or sentence. Movant now has filed the instant motion under § 2255 seeking to vacate his conviction. Doc. 1.

## II. Legal Standard

Title 28 U.S.C. § 2255 provides that an individual in federal custody may file a motion to vacate, set aside, or correct his or her sentence. A motion under this statute "is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (internal citations omitted). Instead, § 2255 provides a statutory avenue through which to address constitutional or jurisdictional errors and errors of law that "constitute[] a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

A § 2255 motion "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) (citation omitted). Additionally, a petition that consists only of "conclusory allegations unsupported by specifics [or] contentions that, in the face of the record, are wholly incredible," is insufficient to overcome the barrier to an evidentiary hearing on a § 2255 motion. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

## III. Analysis

Movant argues that his trial counsel was ineffective during the pre-plea and sentencing proceedings, and for failing to file an appeal after sentencing. After careful review of the record, the Court finds that each of Movant's claims is without merit and that no evidentiary hearing is warranted.

Movant presents numerous claims for relief in his motion and memorandum alleging counsel was ineffective. A claim of ineffective assistance of counsel may be sufficient to attack a sentence under § 2255; however, the "movant faces a heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996); *see DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To establish that counsel was ineffective, a movant must satisfy the *Strickland* test, that is Movant must "show that his'[] counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'"

*Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (quoting *Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992)); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both prongs of the *Strickland* test must be established to be entitled to § 2255 relief; failure to establish either prong is fatal to a claim of ineffective assistance of counsel. *See Strickland*, 466 U.S. 697; *DeRoo*, 223 F.3d at 925 ("[i]f the defendant cannot prove prejudice, we need not address whether counsel's performance was deficient"); *Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

Under the first prong of deficient performance, Movant must overcome a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir. 1996) (citation omitted). Second, to establish prejudice, Movant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see Palmer v. Clarke*, 408 F.3d 423, 444-45 (8th Cir. 2005) (citation omitted). In the context of a guilty plea, *Strickland*'s prejudice prong requires a showing of a "reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *see Hill v. Lockhart*, 474 U.S. 52, 59 (1985), while in a sentencing context, a § 2255 movant must show a "reasonable probability that his sentence would have been different but for the deficient performance." *Jeffries v. United States*, 721 F.3d 1008, 1014 (8th Cir. 2013). However, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Rather, a reasonable probability requires a "probability sufficient to undermine confidence in the outcome." *Jeffries*, 721 F.3d at 1014 (citing *Strickland*, 466 U.S. at 694); *see King v. United States*, 595 F.3d 844, 852-53 (8th Cir. 2010) (finding "little doubt" of prejudice where defendant "likely would have received a much shorter sentence" had counsel challenged the sentencing court's application of § 4B1.1).

### A. Pre-Plea Proceeding

Movant asserts several claims alleging that trial counsel provided ineffective assistance prior to the guilty plea. Doc. 1 at 4; Doc. 4 at 2, 12-23. Specifically, Movant argues trial counsel failed to (1) communicate with Movant about relevant circumstances and likely consequences of pleading guilty; (2) conduct a pretrial investigation; and (3) attempt to negotiate a favorable plea agreement. Doc. 4 at 12.

As argued by Respondent, Movant waived the claims through his knowing and voluntary guilty plea. "A guilty plea waives all defects except those that are jurisdictional." *United States v. Todd*, 521 F.3d 891, 895 (8th Cir. 2008) (internal quotation omitted); *see also Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on a conviction unless on the face of the record the court had no power to enter the conviction or impose the sentence.") (internal quotation omitted). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Instead, such a movant "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [*McMann v. Richardson*, 397 U.S. 759 (1970)]." *Id.*

While under oath, Movant asserted that he was entering into the plea agreement freely and voluntarily; that he was satisfied with his defense counsel's assistance; that he was fully advised of his rights and obligations in connection with the plea agreement; and that no threats or promises, other than the promises contained in the plea agreement, had been made to induce his guilty plea. Crim. Doc. 72 at 5. Movant stated that he understood the legal issues involved with entering a guilty plea. *Id*. at 5-6. He confirmed that he had thoroughly discussed the plea agreement with his counsel, who had answered all of his questions. *Id*. at 6. He further affirmed that no one had coerced or improperly influenced him to plead guilty, and that he was entering the agreement voluntarily and because he believed it was in his best interest. *Id*. at 6-7. Movant established that he was physically and mentally competent. *Id*. at 7. He acknowledged his understanding of the statutory penalties associated with the charges and the sentencing procedures the Court would follow. *Id*. at 7-10. Movant waived his constitutional right to a jury trial. *Id*. at 11–12. He also knowingly and voluntarily waived his right to appeal or to collaterally challenge his conviction or sentence, subject to limited exceptions. *Id*. at 12–13.

Given this record, Movant cannot demonstrate that counsel's advice was objectively unreasonable or that it prejudiced the outcome of the plea process. Therefore, this claim is denied.

**B. Sentencing**

Movant argues that counsel was ineffective during the sentencing proceedings. Doc. 1 at 4; Doc. 4 at 23-28.

1. **Failure to Review and Explain the PSR**

Movant contends that counsel failed to review and explain the PSR. Doc. 4 at 22-23. However, this claim is contradicted by the record. At the sentencing hearing, this Court explained the process to Movant. Crim. Doc. 73 at 2-4. The Court asked Movant if he had read and discussed the PSR with his counsel, and Movant confirmed he had. *Id*. at 4. Movant's claim that counsel was ineffective for failing to explain the PSR is contrary to his own statements at the sentencing hearing. Additionally, Movant's claim is a conclusory allegation. Movant points to no fact from the PSR that counsel failed to explain and has not demonstrated prejudice resulting from that lack of explanation. Movant cites only a single case for the general proposition that defense counsel must review the PSR with a client and suggests that counsel's performance was below the standard. Doc. 4 at 23. This again is a conclusory allegation and insufficient to meet the *Strickland* standard.

2. **Failure to File Objections to the PSR**

Movant argues that counsel failed to file objections to the PSR. Doc. 4 at 23-25. This assertion is refuted by the record. Trial counsel filed objections to the PSR on January 24, 2024. Crim. Doc. 58. The Court reviewed the objection to maintaining a premises for drug distribution during the sentencing hearing, and sustained the objection. Crim. Doc. 73 at 6-11. Therefore, this claim is denied.

3. **Failure to Object to the Purity of the Methamphetamine**

Movant contends that counsel should have objected to the purity of the methamphetamine used to determine the base offense level. Doc. 4 at 24-26. Movant argues that due to the alleged higher than usual purity of the methamphetamine in this case, "[t]he abrupt increase in the offense level based on this purity underscores the significance of drug purity under the U.S. Sentencing Guidelines." *Id*. at 25. As stated by Respondent, Movant's objection is not related to the factual determination of the purity, but rather, the use of methamphetamine purity in general to calculate the base offense level. *Id*. Movant cites to cases in which district courts granted downward variances based on a policy disagreement with the Guidelines' treatment of methamphetamine purity. *Id*.

The Eighth Circuit has consistently held that although a district court may vary from the advisory Guidelines based on a policy disagreement, it is not required to do so. *United States v. Ellis*, 129 F.4th 1075, 1082 (8th Cir. 2025) (quoting *United States v. Noriega*, 35 F.4th 643, 652 (8th Cir. 2022)). Movant offers no evidence that this Court would have granted such a variance or

8

Case 3:21-cr-05051-MDH   Document 74   Filed 10/16/25   Page 8 of 11

that counsel was ineffective for failing to pursue it. The record demonstrates that Movant received a substantial downward departure for his significant assistance to the Government, and that this Court carefully considered the statutory sentencing factors under 18 U.S.C. § 3553(a) in imposing sentence. Crim. Doc. 73 at 29–33.

Given the record and the Court's articulated reasoning at sentencing, any objection based on a policy disagreement with the Guidelines would have been futile. Thus, counsel is not ineffective for failing to raise an argument that had no likelihood of success. This claim fails.

### 4. Failure to Raise a *Rehaif* Defense

Movant contends that trial counsel was ineffective for failing to raise a defense under *Rehaif v. United States*, 588 U.S. 225 (2019). Doc. 4 at 26. Specifically, Movant asserts that his conviction precludes him from receiving certain benefits under the First Step Act, and that counsel should have objected at sentencing under *Rehaif*. *Id*.

In *Rehaif*, the Supreme Court held that, in prosecutions under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove that the defendant knew he possessed a firearm and that he knew he belonged to a prohibited category of persons barred from possessing a firearm. 588 U.S. at 237. However, Movant plead guilty to § 924(c), and *Rehaif* does not apply to offenses under § 924(c), which criminalizes the use or carrying of a firearm during and in relation to a drug trafficking crime or crime of violence. *See United States v. Tate*, 999 F.3d 374, 379 (6th Cir. 2021) (noting *Rehaif* does not apply to § 924(c)); see also *United States v. Coleman*, 961 F.3d 1024, 1029 (8th Cir. 2020) (distinguishing elements of § 924(c) from § 922(g)).

Because *Rehaif* has no applicability to Movant's conviction under § 924(c), any objection or defense premised on that decision would have been legally meritless. Counsel cannot be deemed constitutionally ineffective for failing to raise a frivolous argument. See *Rodriguez v. United States*, 17 F.4th 933, 938 (8th Cir. 2021) ("Counsel is not ineffective for failing to raise a meritless objection."). Accordingly, this claim fails.

### 5. Failure to Present a Mitigation Argument to Support a Lesser Sentence

Movant further asserts that counsel rendered ineffective assistance by failing to present mitigating evidence of post-conviction rehabilitation to support a lesser sentence. Doc. 4 at 27–28. Specifically, Movant points to his participation in educational and rehabilitation programs while incarcerated, his current position as a truck driver within the Bureau of Prisons, and his infraction-

9

free conduct in custody. *Id*. He argues that counsel's failure to present this information at the original sentencing hearing deprived him of a more favorable sentence. *Id*. at 28.

However, counsel cannot be faulted for failing to raise facts that were not known or reasonably foreseeable at the time of sentencing. Sentencing arguments must be grounded in evidence available at the time of the hearing. Counsel is not expected to predict future conduct, job assignments, or program participation following incarceration. Moreover, the record directly contradicts Movant's assertion that no mitigation evidence was presented. Defense counsel offered an extensive sentencing argument addressing rehabilitation that occurred after Movant's guilty plea but prior to sentencing, including Movant's behavior while on pretrial release, his involvement in drug rehabilitation efforts, volunteer work at his church, and his shared custody of his child. Crim. Doc. 73 at 12–15.

Because the argument lacks legal and factual merit, it fails to demonstrate deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), and therefore does not support relief under § 2255. This claim fails.

### C. Failure to File a Notice of Appeal

Movant contends that trial counsel failed to file a notice of appeal after sentencing. Doc. 4 at 28-31. However, Movant does not allege that he instructed his counsel to file an appeal, but claims "that a reasonable attorney would have had 'reason to think' {Movant] might want to appeal." Doc. 10 at 10.

A movant must show that he made his desire to appeal evident to his attorney. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) ("A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition.") (citation omitted). There is no bright-line rule requiring counsel to consult with a defendant regarding an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 479-80 (2000). Counsel is required to consult with a "defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480.

Here, there is no evidence that Movant asked counsel to file an appeal or that, in light of the Court's variance at sentencing, Movant would want to appeal. As a result, in the absence of

any credible evidence that Movant requested an appeal or that counsel failed to consult when required, this claim fails under *Strickland*.

### IV. Evidentiary Hearing and Certificate of Appealability

Because the Court finds Movant has failed to demonstrate a reasonable basis for his claims that counsel rendered ineffective assistance of counsel or that an error occurred, Movant's motion to vacate his sentence is denied. Additionally, since the motions, files, and records conclusively show Movant is not entitled to relief, Movant's request for an evidentiary hearing is denied. *See Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) ("A Section 2255 movant is entitled to an evidentiary hearing . . . unless the motion, files, and record conclusively show he is not entitled to relief.").

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to Movant. A certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Movant must show that reasonable jurists debate whether the issues should have been resolved in a different manner or that the issues deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Movant has made no such showing, the Court declines to issue a certificate of appealability.

### V. Conclusion

For the reasons explained above, Movant's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1) is DENIED, a certificate of appealability is DENIED, and this case is DISMISSED.

**IT IS SO ORDERED.**

/s/ Douglas Harpool
DOUGLAS HARPOOL, JUDGE
UNITED STATES DISTRICT COURT

Dated: October 16, 2025